Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGLE PATH SOLUTIONS, LLC,<br><br>Plaintiff,<br>v.<br><br>DELIVERHEALTH SOLUTIONS, LLC,<br><br>Defendant. | Civil Action No: 1:24-cv-11252-LTS |

**[PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

## I. Proceedings and Form of Information Governed

This Confidentiality Stipulation and Protective Order (the "Order" or "Protective Order") shall govern any document, information, or other thing, including information in electronic form, furnished by any Party (as defined below) or non-party in connection with all phases of this action. The Parties acknowledge that they may request, and that the Court may direct, that, at trial, documents, information, or other things be handled other than as prescribed in this Order, and by stipulating to this Order no Party waives the right to request such differential treatment. The Parties further agree and stipulate that, regardless of how documents, information, and other things will be treated at trial, they will remove any confidentiality stamping or similar designations applied as part of the production of such documents, information and other things in this case from exhibits and all materials that will be presented or shown to any jury, should there be a jury trial in this action. The form of information protected includes, but is not limited to, documents produced in the action, deposition testimony and exhibits and all copies of extracts, summaries, compilations, designations, and portions thereof,

and responses to requests to produce documents or things, interrogatories, requests for admission, and non-party subpoenas.

## II. Definitions

### A. Producing Party and Receiving Party

The term "Party" or "Parties" refers to Plaintiff and Defendant in this action, individually and collectively, including their respective directors, officers, employees, consultants, retained experts and consultants, and outside counsel (and their support staff). The term "Producing Party" shall mean any Party or any non-party who produces any Protected Information (as defined herein). The term "Receiving Party" shall mean any Party to this action who receives any Protected Information.

### B. Confidential Information

A Producing Party or Receiving Party may designate as "Confidential" any information, document, material, thing, testimony, or other data (or any summaries, reports, or descriptions thereof), whether paper, electronic, tangible or otherwise, that the Party believes, in good faith, that the Producing Party or a Receiving Party believes, in good faith, constitutes, contains, reveals, relates to, or reflects information that: (i) the Producing Party or a Receiving Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) is sensitive, (iii) compromises confidential technical, sales, marketing, research or development, personal, financial, or other commercially sensitive information, (iv) contains non-public intellectual property, or (v) is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

**C. Highly Confidential Information**

A Producing Party or a Receiving Party may designate as "Highly Confidential" any information, document, material, thing, testimony, or other data (or any summaries, reports, or descriptions thereof), whether paper, electronic, tangible or otherwise, that the Party believes, in good faith, constitutes, reveals, relates to, or reflects proprietary, sensitive business or technical information that would provide a significant advantage to the party's competitors if disclosed, including for example, business development plans, proprietary information, competitor market analyses, customer information, bidding information, internal financial-accounting information, operations information, non-public marketing or business plans/strategies, pricing/cost information and other financial information, and trade secrets or other confidential research, development, or commercial information within the scope of Federal Rule of Civil Procedure 26(c)(1)(G).

**D. Protected Information**

The term "Protected Information" shall mean and include, individually and collectively, anything designated by a Producing Party or a Receiving Party as "Confidential" or "Highly Confidential."

**E. In-House Counsel**

The term "In-House Counsel" means attorneys who are employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries who are involved in the oversight of ongoing litigation of such entity.

**III. Use of Protected Information**

Protected Information shall be used by the Receiving Party and approved persons to whom it is disclosed solely in the litigation or settlement of this action, or for use at trial in this

action, and/or in any appellate proceeding in this action. Protected Information shall not be used by such Party or persons for any business or other purpose or disclosed to any person or entity not entitled under this Order to receive it, unless agreed to in writing by all parties to this action or as authorized by further order of the Court. All Protected Information shall be held in confidence by each person to whom it is disclosed and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Any person in possession of Protected Information shall exercise reasonably appropriate care with regard to storage, custody, or use of such material in order to ensure that the confidential nature of the material is maintained. If such material is disclosed or comes into the possession of any person other than in the manner authorized by this Order, any Party having knowledge of the disclosure must immediately inform the Producing Party (and, if not the same person or entity, the designating Party) of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such material and to prevent further disclosure.

## IV. <u>Designation of Confidential Information and Highly Confidential Information for Protection Under This Order</u>

Any documents, information, materials, pleadings, expert statements, or any other document, materials, or information produced or prepared in connection in this action that is reasonably and in good faith believed by the Producing Party to contain Confidential or Highly Confidential Information may be designated by stamping or otherwise marking the material as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." To the extent practical, the legend shall be placed near the Bates number identifying the material. If a document has more than one designation, the more restrictive or higher designation applies.

In the case of written material, documents, or tangible items, the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made at or prior to the time

the Receiving Party is provided a copy of the information. In lieu of marking the originals or documents, the Producing Party may mark the copies that are produced or exchanged. In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute Protected Information (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the Producing Party shall have a reasonable time, not to exceed thirty (30) business days, to review and designate the appropriate documents as appropriate under the Order. For designated materials that are not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth in this Paragraphs 4, they shall be designated by the Designating Party by informing the Receiving Party in writing.

For responses to interrogatories or requests for admission, designation shall be made by means of a statement at the beginning of each such response identifying the response as, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", and by placing the following legend on the front of any set of responses to interrogatories or requests for admission containing such information: CONTAINS CONFIDENTIAL INFORMATION or CONTAINS HIGHLY CONFIDENTIAL INFORMATION.

Where electronic files and documents are produced, such electronic files and documents shall be designated for protection under this Order in accordance with any Stipulation and Order Regarding Electronically Stored Information in this action.

If a Party produces or provides discovery of any Confidential or Highly Confidential Information inadvertently without first labeling, marking, or designating it as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," then the Producing Party may thereafter give written notice promptly after discovery of such production or provision of discovery to the Receiving Party or Parties that the document, thing, transcript, or other embodiment of Confidential Information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and such Confidential Information should be treated in accordance with the provisions of this Order. The Receiving Party or Parties must treat such document, thing, transcript, or other embodiment of Confidential Information accordingly from the date such notice is received. Disclosure of such document, thing, transcript, or other embodiment of Confidential Information prior to receipt of such notice to persons not authorized to receive it shall not be deemed a violation of this Order or a waiver of the confidential status of the information; however, those persons to whom disclosure was made are to be advised that the material disclosed was "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and must be treated in accordance with this Order. If, before receiving such notice, the Receiving Party disclosed such material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party must immediately inform the Producing/designating Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order, including retrieving any copies that may have been disclosed to unqualified recipients. Additionally, within thirty (30) days of the discovery of the inadvertent disclosure of the information, the Producing Party shall reproduce such previously produced information with the proper designation label of: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". The provisions of Section 9 of this Order shall apply in the event of any disputes with respect to the propriety or correctness of a

Party's designation of the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## V. **<u>Disclosure of "CONFIDENTIAL" Materials</u>**

All documents, information, or other things designated "CONFIDENTIAL" may be disclosed by the Receiving Party to and only to:

a) The counsel for a Party and their respective partners, associates, paralegals, clerks, legal assistants, and support personnel, as well as independent organizations and employees thereof retained by such attorneys to provide professional litigation support services in this action, such as translation, graphics, design, and document processing;

b) Court personnel, court reporters, and videographers involved in this action;

c) Independent experts and consultants retained in connection with this action, and the employees of such experts and consultants who are assisting them (such experts and consultants shall ensure that their employees abide by this Order), who have been furnished with a copy of this Order and have executed a declaration in the form attached hereto as Exhibit A, a copy of which shall be retained by counsel but need not be disclosed to the Producing Party unless requested by the Producing Party;

d) Parties or employees, agents, or representatives of the parties;

e) Witnesses or potential witnesses who appear or will potentially appear for deposition or trial that agree to comply with the terms of this Protective Order;

f) An author, records custodian, or recipient of the documents, records, or other items marked as "Confidential" materials;

g) Any person who has received, or seen apart from this case, the Confidential Information;

h) Jury or trial consulting service providers, including mock jurors (who may not retain physical copies of any Protected Information), who have been furnished with a copy of this Order, and have executed a declaration in the form attached hereto as Exhibit A, a copy of which shall be retained by counsel;

i) Such other persons as hereafter may be designated by written agreement of Parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow) permitting such disclosure;

j) Mediators or similar outside parties and their staffs enlisted by the Court or the Parties to assist in the resolution of the claims and defenses of the Parties in the Action; and

k) The author or recipient of the Protected Information or any deposition witness who is appearing on behalf of the Party under Fed. R. Civ. P. 30(b)(6) that produced or designated the Protected Information.

**VI. Disclosure of "HIGHLY CONFIDENTIAL" Materials**

Access to documents, information, and other things designated "HIGHLY CONFIDENTIAL" shall be limited to persons referred to in subparagraphs 5(a), (b), (c), (e), (f), (g), (h), (i), (j) and (k) above. For avoidance of doubt, principals, employees, agents or any other person or entity who acts on behalf of each Receiving Party shall not be permitted to access, review, or have knowledge of the contents of "HIGHLY CONFIDENTIAL" materials produced by the Producing Party (or by any third party), except for two specifically designated In-House Counsel for each Party. In the event that any person not otherwise entitled to be

shown “HIGHLY CONFIDENTIAL” materials is to be shown certain “HIGHLY CONFIDENTIAL” materials at deposition or trial, those materials may be designated in advance. The person not otherwise entitled to be shown “HIGHLY CONFIDENTIAL” materials may in such instances review such materials in preparation for deposition or trial in the physical or videoconference presence of counsel, but such person may not copy or retain any copies of the materials.

## VII. Court Procedures

In accordance with Local Rule 7.2, blanket designations for filing under seal are prohibited. Any reference to filing under seal in this Order is to be understood to require strict compliance with Local Rule 7.2. Notwithstanding the foregoing, all transcripts, exhibits, discovery responses, pleadings, briefs, and other material submitted to the Court that contain or disclose Confidential Information or Highly Confidential Information shall be filed under seal consistent with the procedures set forth in the Local Rules and by following any other applicable rules. If any person fails to file protected material under seal, the producing Party, or any Party or non-party claiming confidentiality for the material, may request that the Court place the filing under seal. Any member of the public may challenge any attempt by any Party to seal any materials filed with the Court, consistent with the established law regarding this issue.

No Party shall file any Protected Information with the Court until the Court determines whether such material may be filed under seal or on the public docket. A Party seeking to include such material in a filing shall timely file a redacted version of the filing on the public docket and shall contemporaneously serve an unredacted version of the filing on counsel for all Parties. To the extent the filing contains the Protected Information of a non-party, the filing

Party shall, within one (1) business day of filing, provide notice to the non-party of the non-party's Protected Information contained within the filing.

Within five (5) business days of service of the unredacted version of the filing, or for non-parties within ten (10) business days of notice by the filing Party, any Party or non-party seeking to maintain the confidentiality of any Protected Information in the filing shall file a Motion to Impound Designated Material in accordance with the District of Massachusetts Local Rule 7.2 and ECF Administrative Procedures. The Motion to Impound shall reference this Order, describing the general nature and purpose for submitting the paper (i.e., exhibit to declaration in support of motion, etc.), and explain the good cause to support the request for leave to file the document under seal. Reference to a document's designation as Protected Information pursuant to the Protective Order, without more, will not suffice to show a particularized need for impoundment.

If the Court grants leave to file any of the Protected Information in the filing under seal, the filing Party shall refile the filing under seal in an unredacted form, placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If the Court denies a Motion to Impound, or if a Party or non-party declines to file a Motion to Impound, for any information redacted from the original filing, the filing Party shall refile the filing on the public docket with the relevant portions of the filing unredacted. The filing Party shall complete these additional filings within five (5) business days of the Court's ruling on the last motion to impound, or in the event no Party or non-party files a Motion to Impound, the filing Party shall refile the filing on the public docket in an unredacted form within five (5) business days of the last day to file a Motion to Impound.

Outside attorneys for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this action without further order of this Court. No material or copies thereof so filed shall be released except by order of the Court.

Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

## VIII. Party's Own Information

The restrictions on the use of Protected Information established by this Order are applicable only to the use of Protected Information received by a Party from another Party or from a non-party in connection with this action. A Party is free to do as it wishes with its own information.

## IX. Contesting a Designation

The Parties shall use reasonable care when designating documents or information as Protected Information. A Party may seek the removal of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation from particular items. In such event, the following procedure shall apply:

a) A Receiving Party may request in writing that the Producing Party remove or modify the Protected Information designation of particular materials by giving written notice to the party designating the disputed information within forty-five (45) calendar days of receiving the materials in question. The written notice shall identify the information to which the objection is made by Bates number or, if Bates numbers are unavailable, by the clearest reasonable description of the materials at issue. The

Receiving Party shall provide support for its request. The designating party shall respond to the request within 14 days after the date on which the notice is sent.

b) The Parties shall use reasonable efforts to resolve promptly and informally any such disputes. If the Parties cannot reach agreement concerning the matter within ten (10) calendar days after service of the response to the request, or such shorter time as the Court may allow, then the Party seeking the removal of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designations may seek informal resolution with the Court or file and serve a motion for appropriate relief. A Party that elects to file a motion with the Court challenging a designation must do so in good faith and, in addition to the written notice, must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the designating Party or non-party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party or non-party an opportunity to review the material challenged and to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may file a motion challenging the designation only if it has engaged in this meet and confer dialogue first. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with these meet-and-confer requirements and that sets forth with specificity the justification for the designation given by the designating Party in the meet and confer dialogue. The Parties agree that they will take reasonable steps to fully brief and present the motion to the Court in the most expeditious fashion reasonably possible under the circumstances.

c) Until a determination by the Court, the information subject to a designation challenge shall be treated as having been properly designated and subject to the terms of this Order.

A Party may challenge in this case that documents, information, or other materials are not trade secrets or confidential information, regardless of whether the party elects to challenge the designation of the same under this Protective Order. All challenges to the secrecy and confidentiality of information in this case are hereby preserved and not waived.

**X. <u>Depositions</u>**

For depositions and the information contained in depositions (including exhibits), designation of the transcript or portion of the transcript (including exhibits) which contains Confidential Information or Highly Confidential Information may be designated as Protected Information by indicating on the record during or at the close of the deposition that the testimony contains information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and subject to the provisions of this Order. A Party may also designate information disclosed at such deposition subsequent to the issuance of a deposition transcript as Protected Information by notifying all Parties, in writing, of the specific pages and lines of the transcript that contain Protected Information, and the level of designation of such information. Unless otherwise designated before, all depositions shall be treated as "HIGHLY CONFIDENTIAL" for a period of thirty (30) calendar days after a full and complete final transcript of said deposition is available to permit time for the transcript to be reviewed and properly designated. After this thirty (30) day period and unless otherwise designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the deposition transcript shall not be treated as containing Protected Information.

Whenever any documents, information, or other things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are to be discussed or disclosed in a deposition, any Party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## XI. Protected Information Subpoenaed and Ordered Produced in Other Litigation

In the event any person or Party having possession, custody, or control of any Protected Information receives a subpoena, or other process or order to produce such information, such person or Party shall, within ten (10) business days, or no later than twenty-four (24) hours before the time for compliance if the time for compliance is shorter than ten (10) business days, notify in writing the attorneys of the Party claiming such confidential treatment of the item, document, or information sought by such subpoena, process, or order; shall furnish those attorneys with a copy of said subpoena, process, or order; and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the Party whose interests may be affected. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is subject to this Order by promptly delivering a copy of this Order thereto. The purpose of imposing these duties is to alert the interested Parties to the existence of this Order and to afford the producing or designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its designated material. If the Party asserting confidentiality makes a motion to quash or modify the subpoena, process, or order, there shall be no disclosure of the subject matter objected to

pursuant to the subpoena, process, or order until the Court has ruled upon the motion, and then only in accordance with the Court's ruling. If no such motion is made by the Party asserting confidentiality despite a reasonable opportunity to do so, the person or Party receiving the subpoena, process, or order shall be entitled to comply with it, provided it has fulfilled its obligations pursuant to this Order. Nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court.

## XII. <u>No Waiver</u>

Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action including, but not limited to, the right to claim that any information is or is not proprietary to any Party or non-party, is or is not entitled to particular protection, or that such information does or does not embody Protected Information of any Party or non-party. The procedures set forth herein shall not affect the rights of the Parties to object to discovery on grounds other than those related to confidentiality, nor shall it relieve a Party of the necessity of proper response to discovery devices.

## XIII. <u>Return of Information</u>

Within sixty (60) calendar days after the conclusion of this action, whether by judgment and exhaustion of all appeal rights, or by settlement, all Protected Information and all documents that reflect such information in the possession of the Receiving Parties shall be destroyed. Counsel for the Receiving Parties shall ensure that all the Protected Information in the possession, custody, or control of their experts and consultants is also destroyed, although

they may retain a copy of any final expert report in accordance with the restrictions of this Order. Notwithstanding the foregoing, counsel for the Receiving Parties in this action may retain: (1) copies of all pleadings, motions, briefs, and other papers (including supporting or opposing memoranda and exhibits), filed with the Court and/or served upon or by opposing counsel; (2) copies of each transcript of any depositions (and summaries thereof) taken in this action, including all exhibits thereto; (3) all documents or other materials marked as hearing or trial exhibits; and (4) all notes, summaries, descriptions, abstracts, or other work product materials prepared in anticipation of or for use in the present action; provided, however that access to any Protected Information contained in the materials identified in subparagraphs (1) through (4), above, shall be limited to counsel for their own internal use, and that such information shall not be provided to any non-party without the express prior written permission of counsel for the opposing Party or pursuant to court order.

## XIV. Non-Parties

At the request of a non-party who produces documents or testimony in this action, and who is willing to be bound by the terms of this Order, the terms of this Order will be applied to protect the confidentiality of any documents or information supplied by that non-party in the course of this action so long as such non-party designates the documents or information as Protected Information consistent with the terms of this Order. A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any Party or any other non-party in this action.

Absent a specific designation (or lack of designation) applied by a non-party, all material produced by a non-party shall be treated as "HIGHLY CONFIDENTIAL" from the date of production until thirty (30) days after receipt. In the event that a non-party produces

material in this action that a Receiving Party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party wishing to make that designation must do so within thirty (30) days of receipt and identify the information by Bates label or, where not Bates labeled, by document title and page number(s) or page and line number(s). The Parties shall thereafter mark the material in the manner requested by the designating Party and thereafter treat the material in accordance with such designation.

## XV. Court's Jurisdiction

The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate. The provisions of this Order regarding the use and/or disclosure of Protected Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Order.

## XVI. Privilege

### A. Clawbacks

Privileged Information includes information—in any form—that is otherwise protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other privilege or immunity. This Order protects any disclosure of Privileged Information, whether that disclosure is inadvertent or otherwise and is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.

Subject to the provisions of this Order, if the Producing Party discloses information in connection with this action that the Producing Party thereafter claims to be Privileged Information, the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this action or any other action—of any claim that the Privileged Information is protected by the attorney-client privilege, work product doctrine, common interest

privilege, or any other privilege or immunity that the Producing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

Each Party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials to determine if they contain or comprise Privileged Information. Regardless of the care that is actually exercised in reviewing materials, the Court hereby orders that the disclosure of Privileged Information in discovery conducted in this action shall not waive any claim that Privileged Information is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other privilege or immunity that the Producing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

Upon discovery that Privileged Information has been produced, the Producing Party must notify the Receiving Party, in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure. Upon receipt of notification, the Receiving Party shall (a) destroy or return all copies, electronic or otherwise, of such document(s) or other information, except that the Receiving Party may retain and use such material for the limited purpose of challenging in court the request for the return of the material; (b) not use or disclose the document(s) or information until the claim of privilege or work product protection is resolved; and (c) shall provide a certification that it has—to the best of its knowledge—destroyed or returned all copies of such document(s) or other information and will cease further review, dissemination, and use of the Privileged Information, except for the limited purpose of challenging in court the request for the return of the Privileged Information.

The Receiving Party has an obligation to notify the Producing Party when it, in good faith, believes that any documents, materials, or information produced by the Producing Party

may constitute Privileged Information and allow the Producing Party to evaluate whether such document, material, or information should be subject to a Clawback under the provisions of this Order.

This Order shall be interpreted to provide the maximum protection allowed to the Producing Party by Federal Rule of Evidence 502(d). However, if for any reason a Court finds that this Paragraph is inapplicable to Privileged Information, then Federal Rule of Evidence 502(b) will apply in its absence.

**B. Challenges to Clawbacks**

Nothing in this Order shall limit the Receiving Party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) the Producing Party's claim that Privileged Information is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other privilege or immunity. The Parties agree to use the procedure set forth below for any such challenges. If, after undertaking an appropriate meet-and-confer process, the Parties are unable to resolve any dispute they have concerning the protection of documents for which a Clawback claim has been asserted, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material. Any Privileged Information submitted to the Court in connection with a challenge to the Producing Party's Clawback of claimed Privileged Information shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for *in camera* review.

If the Receiving Party wishes to contest the Producing Party's Clawback claim, it shall so notify the Producing Party in writing in lieu of providing a certification that it has—to the best of its knowledge—destroyed or returned all copies of such document(s) or other information and

will verify that it will cease further review, disclosure, and use of the Privileged Information other than for the purposes of contesting the Clawback claim ("Notice of Designation").

Within ten (10) business days after receiving a Notice of Designation, the Producing Party shall provide in writing to the Receiving Party for each document or thing the Producing Party claims includes or comprises Protected Information a description of all information claimed and the basis or bases for the claim of attorney-client privilege, work product, common interest, or other privilege or immunity.

Within five (5) business days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the procedures set forth in Local Rule 37.1 for resolution of discovery disputes. The Party claiming the attorney-client privilege, work product doctrine, common interest privilege, or other privilege or immunity shall have the burden of proving that such privilege or immunity exists.

With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the Clawback claims, or if the Court rejects any challenge by the Receiving Party to Clawback claims, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

If, in a deposition, hearing, or other proceeding, the Party who made the production or disclosure makes a Clawback claim on the record for return of the produced or disclosed

document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the produced or disclosed document or thing present at the deposition, hearing, or other proceeding shall immediately be sequestered and there shall be no further use of the produced or disclosed document or thing. For the avoidance of any dispute, the marking of a produced or disclosed document or thing as an exhibit at deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return.

The procedures set forth in this Paragraph for challenging the privileged status of a production shall not result in any waiver of the attorney-client privilege, the work product immunity, common interest privilege, or any other privilege or immunity.

## XVII. No Limitation of Other Rights

This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

## XVIII. Release From or Modification of This Order

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from disclosure of privileged or work-product information. This Order does not preclude all of the Parties to this Order from entering into any written stipulation or joint agreement modifying the term(s) of this Order. On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

## XIX. No Contract

To the extent that the Parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The Parties' stipulation shall not be construed to create a contract between the Parties or between the Parties and their respective counsel.

## XX. Effective Date

Documents that have been produced in this action and have been designated as Protected Information prior to the entry of this Order shall henceforth be subject this Order.

## XXI. Miscellaneous Provisions

A. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by outside counsel for the Party against whom such waiver will be effective.

B. The U.S. District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Protective Order. After termination of this action, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provisions of this Protective Order following termination of this action. All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the U.S. District Court for the District of Massachusetts.

C. Nothing in this Protective Order shall preclude or impede outside counsel's ability to communicate with or advise their client in connection with this action only based on such counsel's review and evaluation of Protected Information, provided however, that such

communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

D. Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, even if prior to entry of this order by the Court.

E. This Protective Order will be enforced pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and any other sanctions that may be available to the Court. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

**XXII. Termination**

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

STIPULATED AND AGREED:

*/s/ Thomas P. Howard*
Thomas P. Howard (BBO #629213)
THOMAS P. HOWARD, LLC
842 W. South Boulder Rd. #100
Louisville, CO 80027
Telephone: (303) 665-9845
*thoward@thowardlaw.com*

Benjamin Stern (BBO # 646778)
bstern@nutter.com
Nutter McClennen & Fish LLP
Seaport West, 155 Seaport Blvd.
Boston, MA 02210
Telephone: (617) 439-2000
Facsimile: (617) 310-9000

*Counsel for Plaintiff*
*Single Path Solutions, LLC*

*/s/ Jarrod D. Shaw*
Nellie E. Hestin (BBO #676886)
Jarrod D. Shaw (pro hac vice)
MCGUIREWOODS LLP
260 Forbes Avenue
Pittsburgh, PA 15222-3142
Tel: (412) 667-6000
Fax: (412) 667-6050
nhestin@mcguirewoods.com
jshaw@mcguirewoods.com

Aaron F. Jaroff (pro hac vice)
MCGUIREWOODS LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Tel: (212) 548-2133
Fax: (212 715-2310
ajaroff@mcguirewoods.com

*Counsel for Defendant DeliverHealth Solutions, LLC*

Dated: November 14, 2024

IT IS SO ORDERED this ___ day of November, 2024.

______________________________
Leo T. Sorokin
U.S. District Court Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SINGLE PATH SOLUTIONS, LLC,<br><br>Plaintiff,<br>v.<br><br>DELIVERHEALTH SOLUTIONS, LLC,<br><br>Defendant. | Civil Action No: 1:24-cv-11252-LTS |

**AGREEMENT TO BE BOUND BY ORDER**

I, ______________________________, declare that:

1. My address is __________________________________ and the name and address of my present employer is __________________________________________________________.

2. My present occupation or job title is _____________________________________.

3. I have received a copy of the Confidentiality Stipulation and Protective Order (the "Order") in this action.

4. I have carefully read and understand the provisions of the Order, agree to be bound by them, and specifically agree I will not use or disclose to anyone any of the contents of any Protected Information received under the protection of the Protection Order in violation thereof.

5. I consent to the exercise of personal jurisdiction by this Court in connection with this Declaration and my obligations under the Order.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of ________________, 20__ at __________________________ in the State of __________________________.

______________________ (Signature)

______________________ (Print Name)